I concur in the opinion except as to that portion holding that attorney fees are not recoverable under the common fund doctrine; as to that portion, I dissent. In my judgment, the result as to this issue is controlled by Commercial Union Ins.Co. v. Blue Cross Blue Shield of Alabama, 540 So.2d 1368
(Ala. 1989). The following facts as set forth in CommercialUnion illustrate its similarities with this case:
 "Noah D. Faggard and his wife, Roberta Faggard, were insured by Blue Cross for health care services. On November 1, 1983, Roberta was involved in an automobile accident with a vehicle owned and operated by Butts and Billingsley Construction Company ('Butts and Billingsley'), which was insured by Palomar Insurance Corporation, a division of Commercial Union. As a result of the accident, Roberta was hospitalized and received medical care in the total amount of $14,023.65, which amount was paid by Blue Cross.
 "On May 8, 1984, Blue Cross notified Butts and Billingsley's insurer of Blue Cross's total liability at that time and that it had a subrogation interest in any monies paid to the Faggards. . . .
 "On October 25, 1984, six days before the running of the statute of limitations, Roberta sued Butts and Billingsley for injuries arising as a result of the automobile accident. On December 6, 1985, a jury returned a general verdict in favor of Roberta in the amount of $27,500. On December 18, 1985, Commercial Union telephoned Blue Cross and advised it that Commercial Union was about to deliver a check to Roberta and her attorney. Later that afternoon, the check was indeed delivered.
 "On January 14, 1986, Blue Cross made a demand on the Faggards for $14,023.65 — the amount that Blue Cross had previously paid the Faggards for hospital and medical expenses. The Faggards, on advice of their counsel, refused to pay Blue Cross, whereupon Blue Cross filed suit on June 27, 1986, against the Faggards and Commercial Union for $14,023.65, based on its alleged right of subrogation. On September 9, 1987, the trial judge denied the Faggards' and Commercial Union's motion for summary judgment and granted summary judgment in favor of Blue Cross in the net amount of $10,284.01. This was the amount of subrogated medical expenses ($14,023.65) less 1/3 for attorney fees ($4,674.55) plus interest at 6% ($934.91)."
540 So.2d at 1368-69. One of the issues on appeal was "[w]hether the trial court erred in deducting a pro rata share from Blue Cross's judgment against the Faggards and Commercial Union for attorney fees." Id. at 1369.
This Court affirmed the judgment of the trial court, stating:
 "We can find no error in the trial court's award of attorney fees. We hold that the injured party (Blue Cross's insured) is entitled to deduct Blue Cross's pro rata share of the litigation costs and attorney fees from the sum that Blue Cross is entitled to recover by way of reimbursement. Under the one-third contingent fee arrangement that the Faggards had with their attorney in the tort action, Blue Cross's net reimbursement recovery is reduced to $10,284.01, after crediting the injured insured with its pro rata share of the total fee, i.e., $4,674.55 of the $11,000 in attorney fees. Therefore, because Roberta has already satisfied the obligation to pay the $11,000 in attorney fees, she is entitled to credit for Blue Cross's pro rata share of $4,674.55. To hold otherwise would permit unjust enrichment of the insurance carrier at the expense of its injured insured. See, generally, Maryland Casualty Ins. Co. v. Tiffin, 537 So.2d 469 (Ala. 1988), for a discussion of the application of the common fund doctrine."
Commercial Union, 540 So.2d at 1369 (emphasis added). *Page 1361 
I can discern no relevant difference between Commercial Union
and this case. Therefore, I must respectfully dissent. See alsoInternational Underwriters/Brokers, Inc. v. Liao, 548 So.2d 163
(Ala. 1989).